COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bumgardner and Senior Judge Overton
Argued at Richmond, Virginia


TAMIR M. TAYLOR

                                    MEMORANDUM OPINION* BY
v.    Record No. 0411-99-2          JUDGE JERE M. H. WILLIS, JR.
                                           MAY 9, 2000
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF HENRICO COUNTY
                      George F. Tidey, Judge

          Darryl A. Parker for appellant.

          Marla Graff Decker, Assistant Attorney
          General (Mark L. Earley, Attorney General;
          Leah A. Darron, Assistant Attorney General,
          on brief), for appellee.


     On appeal from her conviction of felony child neglect, in

violation of Code § 18.2-371.1(B), Tamir M. Taylor contends that

the evidence was insufficient to support the conviction.  We

affirm.

     Code § 18.2-371.1(B) provides:  "Any parent, guardian, or

other person responsible for the care of a child under the age

of eighteen whose willful act or omission in the care of such

child was so gross, wanton and culpable as to show a reckless

disregard for human life shall be guilty of a Class 6 felony."

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

"Where the sufficiency of the evidence is challenged after conviction, it is our duty to consider it in the light most favorable to the Commonwealth and give it all reasonable inferences fairly deducible therefrom. We should affirm the judgment unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975)).

On April 18, 1998, Taylor invited Henrico County police officers inside her apartment, where the officers immediately noticed smoke and smelled marijuana. Several adults, who had been in the living room, ran to the rear of the apartment. Based on their observations, the officers secured the apartment and obtained a search warrant.

Sitting in the living room throughout the incident was Taylor's six-year-old daughter, Malise. Upon searching Malise's bedroom, the officers found a juvenile male, in possession of marijuana, hiding in the child's closet. Two loaded handguns were lying on her bed. A large plastic container and a shoebox lid, both containing marijuana residue, were sitting on her dresser. Several bags of marijuana were found under her bed, near her closet, and elsewhere in her room.

In Taylor's bedroom, police found more bags of marijuana, partially burned marijuana cigarettes, and an assault rifle hidden in the air conditioning duct. More marijuana, packaging

-

supplies, and another weapon were found elsewhere in the apartment. Taylor told police that some of the contraband belonged to her boyfriend, who spent nights in the apartment. She admitted that her boyfriend was a drug dealer who carried guns to protect his drugs and money.

Malise was present in the living room while armed adults were preparing marijuana for sale. Drug deals had been made in and around Malise's presence. Taylor acknowledged that drug dealing was a violent activity and that her boyfriend was a drug dealer.

Taylor exposed Malise directly to drug dealing and its hazards, as well as to loaded firearms. She thus showed a culpable disregard for the child's life. Further, evidence showed that the air in the apartment was thick with marijuana smoke. Police found in Malise's room a nebulizer machine and prescription medications used to treat severe cases of asthma. Malise's condition was so severe that, in the past, Taylor had needed to take her to the emergency room for treatment. Heavy smoke exacerbates respiratory ailments such as asthma.

Taylor willfully, wantonly, and culpably allowed in her home activities that exposed Malise to drug activity, loaded weapons, and risk of death. By smoking marijuana in the apartment and by allowing the air in the apartment to be saturated with smoke, Taylor showed a reckless and wanton

-

disregard for Malise's life and health.  Proof of such conduct supports Taylor's conviction.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>